IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Keith M. Sands Jr., Petitioner - Pro Se, | Case No.: CR-00-020L |
| v. | Motion To Compel This Court To Modify/Reduce Petitioner's Sentence Pursuant To 18 U.S.C. § 3582(c)(2), Based Upon The United States Sentencing Commission's Amendment 9 And 12 Lowering By 2 Levels, Sentences Involving Crack Cocaine, Which Congress Passed, November 1, 2007. Petitioner Asks This Court To Rule In <u>Abeyance</u> On The Issue Of Retro-activity. |
| United States Of America, Respondent. | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION ATTACHED

NOW COMES, Keith M. Sands Jr., (hereinafter referred to as Petitioner) in Pro Se, respectfully asking this Court through this motion to reduce Petitioner's imposed sentence, based upon Amendment 9 to the United States Sentencing Guidelines which became effective under law on November 1, 2007.

Petitioner further asks this Court to make a ruling based upon decisions regarding retroactivity in abeyance, until a just ruling is made.

Keith M. Sands Jr., Pro-Se
Reg. No. 04823-070
FCI-Bennettsville
P.O. Box 52020
Bennettsville, SC 29512

# TABLE OF CONTENTS


| | Pages |
|---|---|
| Table Of Contents | 2 |
| Table Of Authorities | 3 |
| Statutes-Amendments-Provisions | 3 |
| Statements Of The Case | 2,4 |
| Statement Of Requested Relief | 2,6 |
| Conclusion | 9 |
| Certificate Of Service | 10 |
| Exhibits in Rear | |

# TABLE OF AUTHORITIES


Pages

United States v. Booker, 543 U.S. 220 (2005)............................. 3,5,6,7,8,9

Hicks v. United States, 472 F.3d 1167 (9th Cir. 2007).................... 3,5,8

Kimbrough v. United States, No. 06-6330.................................. 3,6

Appeal From The U.S. Court Of Appeals For The Fourth Circuit Kimbrough v. United States, (2006) WL4571655........................................ 3,6

United States v. Williams, 103 F.3d 57 (8th Cir. 1996)................... 3,7

Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L Ed 2d 245 (1988).... 3,10


## STATUTES-AMENDMENTS-PROVISIONS


18 U.S.C. § 3582(c)(2)................................................... 3,4,6,7,8,9, 10

Amendment No.9 Of The United States Sentencing Guidelines................ 3,4,6,7,9

21 U.S.C. § 841(A)(1).................................................... 3,4,

21 U.S.C. § 846.......................................................... 3,4,

United States Sentencing Guidelines § 1B1.10............................. 3,5,7

28 U.S.C. § 994(o)....................................................... 3,4

18 U.S.C. § 3553(A)...................................................... 3,4,6,8,9

United States Sentencing Guidelines § 5K1.1.............................. 3,7

Federal Rules Of Criminal Procedure Rule 35(b)........................... 3,7

## STATEMENT OF THE CASE

Petitioner in this action submits to this Court that he was indicted by the Federal Government and charged with violating statutes 21 U.S.C. § 841(A)(1), and 846, conspiracy and possession with intent to distribute cocaine base (Crack) in the District of Rhode Island. Based upon the newly imposed United States Sentencing Commission Amendment #9, which lowered the base offense level for defendants previously convicted of crack cocaine offenses, petitioner makes his claim for his 2 level reduction based upon the ruling made by Congress on November 1, 2007.

The reduction petitioner seeks is a result of an amended Guideline range, based upon United States Sentencing Guidelines § 1B1.10. Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has been subsequently lowered as a result of an amendment to the Guideline manual listed in subsection (c), a reduction in the defendant's term of imprisonment is authorized under section 18 U.S.C. § 3582(c)(2). Under section 3582(c)(2) of Title 18, United States code, it provides: "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(A) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

According to 18 U.S.C. § 3553(A), the factors to be considered in imposing a sentence, "The Court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2 of this subsection. The Court in determing the particular sentence to be imposed shall consider, (1) the nature and circumstances of the offense and the history and characteristics of the

defendant. (2) The need for the sentence imposed..... (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant. (1) To provide the defendant with needed educational and vocational traning, medical care or other treatment in the most effective manner. (3) The kinds of sentences available, (4) The kinds of sentence and sentence range eshablished for defendant(s).

In this motion by the defendant, the Guidelines at the time of the imposition of his sentence was 188 months to 235 months, and sentencing on October 20, 2000. On January 12, 2005, the United States Supreme Court in United States v. Booker, 543, U.S. 220 (2005), found the application of the United States Sentencing Guidelines as mandatory and were unconstitutional and by remedial opinion made them advisory in their application. In this action, the petitioner asks that the District Court in its discretion grant his motion to reduce his sentence, but in imposing his new anticipated sentence, use the advisory guideline range in sentencing him to a sentence lower than that called for by the two level reduction. Under application note 3 of § 1B1.10 of the U.S.S.G., it reads: "under subsection (b), the Amended Guideline range and the term of imprisonment already served by the defendant limit the extent to which an eligible defendants sentence may be reduced under 18 U.S.C. § 3582(c)(2). When the original sentence represents a downward departure, a comparable reduction below the amended guideline range may be appropriate; however, in no case shall the term of imprisonment be reduced below time served. Subject to these limitations, the sentencing Court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

18 U.S.C. § 3582(c)(2) applied to Booker, the United States Court of Appeals for the Ninth Circuit ruled in Hicks v. United States, 472 F. 3d 1167 (9th Cir. 2007), that the advisory guidelines and not the mandatory scheme are to be applied in

re-sentencing of a defendant, which the District Court, in its discretion, grants a reduction under § 3582(c)(2) due to a retroactive amendment. Thus Ninth Circuit found that in no context did the mandatory guidelines survive Booker's constitutional ruling and that the District Court could in fact lower the sentence to the mandatory minimum or below, if the safety valve applies. In all cases, the ruling in Booker applies to all 18 U.S.C. § 3582(c)(2) proceedings.

## REQUESTED STATEMENT OF RELIEF

Petitioner, (keith M. Sands Jr.,) in this litigation was subject to an enhanced penalty for his violations of law in possession and/or conspiracy to distribute cocaine in crack form. Under the United States Sentencing Guidelines he was subject to what is commonly refererred to as the 100 to 1 crack/powder ratio which is the cause and effect of the commission in its implimentation of Amendment #9 to address the disparity in sentencing. Under Amendment 12 dealing with criminal history, petitioner was harshly enhanced, going against every factor listed in 18 U.S.C. § 3553(A). The Commission found that this Amendment #9, while not finding all the ills concerned with this ratio, found that it would in cases ease the ratio's sentencing burdens placed on crack cocaine defendants whom are primarily low level drug dealers of African American heritage (as is petitioner) as opposed to other nationalties with this type of drug. While the Commission has made this Amendment (currently in motion) retroactive, the United States Supreme Court has itself in Kimbrough v. United States, No. 06-6330, filed June 11th, on appeal from the United States Court of Appeals For The Fourth Circuit in 2006 WL 4571655 has now argued and addressed the following questions as it pertains to this matter and petitioner ask that it be adjudicated in his re-sentencing hearing. The United States Supreme Court has before it the following question: "In carrying out the mandate of 18 U.S.C. § 3553(A) to impose a sentence that is sufficient, but not greater than necessary, in a federal criminal case, may a District Court consider the impact of

the 100 to 1 crack/powder ratio implemented in the United States Sentencing Guidelines on the reports and recommendations of the United States Sentencing Commission in 1995, 1997, and 2002 regarding that ratio." In those reports and recommendations, the Commission asked for a 20 to 1 ratio which would have an impact on the defendant's re-sentencing under § 3582(c) under the advisory scheme.

Such an impact would be felt even if the defendant's case were to represent a reduction in sentencing under United States Sentencing Guidelines 5K1.1 or Rule 35(b) which is applicable to § 3582(c)(2). In the case of United States v. Williams, 103 F.3d 57 (8th Cir. 1996), finding that reduction of sentence under § 3582(c)(2) due to retroactive application of Amendment 599 was applicable to defendant who received both U.S.S.G. § 5K1.1 and a Rule 35(b) motion, even though sentence was below original sentencing guideline range. The Court found that in such a case, a comparable reduction to account for the 2 levels are to be removed before adding in the precentage of the reduction for substantial assistance. In such cases, if the 20 to 1 ratio were to be implemented at a re-sentencing of the defendant, it would probably represent 1/5th of his total sentence from that of the 100 to 1 ratio resulting in a even lower sentence under the applicable advisory guidelines. Petitioner in this action in account for all factors ask this Court for a reduction comparable as if amendment #9 had been in effect at the time of petitioner's original sentencing in this case. Also, Amendment #12. Under Application note 2 of the United States Sentencing Guidelines § 1B1.10 states that, "In determing the amended guideline range under section (b), the Court shall substitute only the Amendments listed in subsection (c) for the corresponding guidelines provision that were applied when the defendant was sentenced. Under Booker, 543 U.S. 220, (United States Supreme Court 2005), the Honorable Court may reduce the defendant's Sentence further as the guideline and policy statements are not mandatory, but advisory in nature, even under § 3582(c)(2).

This Honorable Court in this litigation may reduce the defendant's sentence based upon post-conviction rehabilitation while incarcerated or any other factors listed in 18 U.S.C. § 3553(A) in imposing the new sentence, but may not reduce it under time served. Under the Circuit holding in Hicks v. United States, 472 F.3d 1167 (9th Cir. 2007) in a published opinion made it clear that § 3582(c)(2) did not survive the holding in Booker.

Petitioner now turns his concerns and shines light on the subject of Educational Post Conviction Services, family ties , and employment opportunities upon re-entry into society. Petitioner states for the record that he is the son of Mrs. Barbara Sands, who recently moved into an elderly highrise. He also has one brother (Kyron Sands) who is currently in a mental illness facility. He has a fiance, Heather Fellows, who petitioner has had contact with throughout the 90's, and who resides in the Norwich, Connecticut development. Petitioner was born March 23, 1975. Has been incarcerated on this conviction since February 2, 2000, with a projected release date of October 2nd, 2013. Surely a two level reduction would be of great benefit to petitioner.

Petitioner Keith Sands Jr., has been drug free throughout his entire incarceration, successfully completed payment of his Inmate Financial Responsibility and Assessment fees. Accumulated various programs certificates, namely, Course Study Preparation, Real Estate, Personal Finance, Entrepeneur workshops and Investments. [See exhibits at rear of motion.] Also, Sands has enrolled in the Ashworth University (Business Management Course) for purposes of obtaining an Associate Degree.

Petitioner is currently assigned to the facilities paint detail at a pay level one, here at FCI Allenwood Correctional Institution. Has worked in the Unicor there for several years, received numerous certificates of achievement awards and has maintained and received a forklift operators license which can be utilized in all Fifty (50) States. Said certificate is accredited through the Clark Material Handling Corporation.

Last but not least, Petitioner has a high school diploma. Based upon this information, Petitioner only asks for his "bite of the colorful apple" in the form of a reduction upon Amendments 9 and 12 of the recently lowered sentencing Guidelines change. "Injustice anywhere, is a threat to justice everywhere."

## CONCLUSION

Based upon the truthful and knowledgeable language used in this brief/motion, petitioner by way of this § 3582(c)(2) motion respectfully asks this Honorable Court under applicable law and the Sentencing Commission's retroactive application of the November 1st, 2007 Amendments #9 and #12 in its lowering of the cocaine based offense level (2 levels) in his case, in consideration of all the relevant facts and in consistency witht he policy statements and Booker's clarification Rule of law, making the guidelines advisory in nature, asks for immediate release as to time served as to his sentence, or below the mandatory minimum, just reduction, unless the safety valve applies to petitioner's case, or other relief as justice warrants in the Court's discretion in this m atter as law provides.

Thus under 18 U.S.C. § 3582(c)(2), petitioner seeks relief in his case deemed fair and proper, lowering his based offense level for crack cocaine defendant's, and the installment under Amendment #12 as to criminal history (#9 Amendment), with the factors listed in 18 U.S.C. § 3553(A). Petitioner prays to this Court for relief.

Respectfully Submitted

Keith M. Sands Jr. #04823-070
FCI-Bennettsville
P.O. Box 52020
Bennettsville, SC 29512

CERTIFICATE OF SERVICE

I, keith M. Sands Jr, hereby certify that I have placed an exact copy of the foregoing motion in the prison mail box under the holding in Houston v. Lack.

I further state that the foregoing document is true and correct, that I filed this 18 U.S.C. § 3582(c)(2) motion, postage prepaid, and sent one original and two copies to the United States District Court Clerk's Office listed below.

I further ask this Court for a Docket number, and return a stamped filed copy to me. All parties below have been mailed a copy thereof on this 5th day of December 2007.

United States District Court
For The District Of Rhode Island
Clerk's Office
Two Exchange Terrace
Providence, RI 02903

Respectfully Submitted

K. [signature]

Keith M. Sands Jr.,
Reg. No. 04823-070
FCI-Bennettsville
P.O. Box 52020
Bennettsville, SC 29512