IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 00-20L |
| | : | |
| KEITH M. SANDS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION
IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE

## I. Introduction

The defendant, Keith M. Sands ("Sands"), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Defendant's motion is grounded upon the 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 effective March 3, 2008.

Following a long-term, 34 defendant investigation by the Federal Bureau of Investigation, designated "Operation Stateline," Sands was charged with one count of Conspiracy to Distribute Cocaine base, two counts of Distribution of Cocaine Base and one count of Distribution of Cocaine. Very conservatively assessed, the prosecution involved 7.48 grams of crack cocaine and .3 grams of powder cocaine which converted into 149.66 kilograms of marijuana for the drug table calculation.

The Presentence Investigation Report (PSR) based the guideline offense level calculation on the marijuana conversion weight. That yielded a Base Offense Level of 26. However, Sands

was determined to be a career offender and so his adjusted offense level was increased to 34. Sands received a downward adjustment of three levels for acceptance of responsibility, resulting in a Total Offense Level of 31. Sands had a Criminal History Category VI.[1]

His guideline range was 188-235 months imprisonment. Sands was sentenced on October 20, 2000 to the minimum under the guideline range - 188 months imprisonment. He also received four years supervised release and $400 in special assessments. In his motion, Sands makes no calculation under the amended guidelines, nor does he request a specific sentence as a result of the amendment. Instead he requests immediate release citing United States v. Booker, 543 US 220 (2005).

The United States maintains that Booker does not apply and Sands' sentence was based on his status as a career offender. The guideline amendment has no effect on his case. Consequently, his sentence should not be reduced.

II. Argument

A. Authority

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of

---

[1] Although all career offenders are assessed a criminal history category of VI, Sands had 16 criminal history points and would have been a Category VI never-the-less.

crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They became effective March 3, 2008. Section 1B1.10 states, in part:

> (a) Authority. -
>
> (1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment. -
>
> (1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

> (2) Limitations and Prohibition on Extent of Reduction. -
>
> > (A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

Application Note 1(A) of U.S.S.G. § 1B1.10 states:

> Eligibility. - Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

B. Sands' Sentence Was Based On His Status As A Career Offender

This, however, does not end the matter. The reduction is not axiomatic. In this case, Sands' sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended[2]. Sands was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 34 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and Sands offense level remains exactly what is was at the time of sentencing. Section 1B1.10 directs: "the court shall

---

[2] The recalculation of Sands' crack guideline would be further complicated by the fact that his is a poly-drug offense which is further affected by an even newer amendment with an effective date of May 1, 2008. However, because the basis of Sands' sentence is his status as a career offender, recalculation is unnecessary.

substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10.

C. Booker Does not Apply

Sands also cites to Booker, contending that, at a sentence reduction hearing, the court could conduct a full resentencing hearing and further reduce his sentence below the amended guideline. Sands is wrong, but because he is not even entitled to a reduction this issue is moot.

## III. Conclusion

Sands' sentence should not be reduced because he was sentenced based on his status as a career offender. Therefore, Sands' Motion should be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ GERARD B. SULLIVAN
Gerard B. Sullivan
Assistant U. S. Attorney
RI Bar No. 3134
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
gerard.sullivan@usdoj.gov

## CERTIFICATION

I hereby certify that on the 22nd day of April 2008, I electronically filed and served by ordinary, pre-paid postage, mail the Within Government's Response To Defendant's Motion For Reduction In Term Of Imprisonment As A Result Of Amended Guideline Range, to:

Keith M. Sands, Jr.
Reg. No. 04823-070
Federal Correctional Institution - Bennettsville
P.O. Box 52020
Bennettsville, SC 29512

/s/ GERARD B. SULLIVAN
Gerard B. Sullivan
Assistant U. S. Attorney
RI Bar No. 3134
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
gerard.sullivan@usdoj.gov